Mary Anne S. **Milne**,
Plaintiff/Appellant,
v.
**Estate of** Larry L. **Hillblom** and
San Roque Beach Development Co., Ltd.
Appeal No. 96-035
Civil Action No. 93-0448
July 9, 1997

Argued and submitted June 25, 1997

Counsel for Appellant: Theodore R. Mitchell and Jeanne H. Rayphand, Saipan.

Counsel for Appellee (San Roque Beach Development Co. Ltd.): David A. Mair and Sandra E. Cruz, Saipan.

Counsel for Appellee (Estate of Larry L. Hillblom): Richard W. Pierce and Stephen J. Nutting, Saipan.

BEFORE: TAYLOR, Chief Justice, ATALIG, Justice, and MACK, Special Judge.

ATALIG, Justice:

¶1 ▇ Appellant Mary Anne S. Milne ("Milne") appeals the Superior Court's June 11, 1996 Order granting Defendant San Roque Beach Development Company's ("SRBD") motion for summary judgment. We have jurisdiction pursuant to title 1, § 3102 (a) of the Commonwealth Code. We affirm.

## ISSUES PRESENTED AND STANDARD OF REVIEW

¶2 The issues before us are:

I. Whether the Superior Court erred in granting SRBD's motion for summary judgment and holding as a matter of law that SRBD's purchase of Milne's property complied with Article XII, § 5 of the Commonwealth Constitution.

II. Whether the Superior Court erred in denying Milne's request for additional discovery.

III. Whether the Superior Court erred in not analyzing the constitutionality of Public Law (PL) 8-32.[1]

¶3 ▇ We review a denial of a trial court's ruling of a motion for summary judgment de novo. *Rios v. Marianas Pub. Land Corp.*, 3 N.M.I. 512, 518 (1993). We will affirm a grant of summary judgment if we find that as to the legal basis relied upon: (1) there was no genuine issue of material fact; and (2) the trial court correctly applied the substantive law. *Id.* We may also affirm if we find that the result is correct under a different theory. *Id.* The evidence and inferences are drawn in favor of the non-moving party. *Id.*

¶4 ▇ We review a trial court's decision not to allow additional discovery for a clear abuse of discretion. *Reyes v. Ebeteur*, 2 N.M.I. 418, 423 (1992). We review a challenge to the constitutionality of a statute de novo. *Office of the Attorney General v. Deala*, 3 N.M.I. 110, 114-15 (1992).

## FACTS AND PROCEDURAL BACKGROUND

¶5 On December 27, 1984, Milne, a person of Northern Marianas descent ("NMD"), and SRBD executed a contract whereby Milne agreed to sell property identified as Tract No. 21879 "c" to SRBD. On January 7, 1985, Milne executed a Quitclaim Deed granting the property to SRBD in fee simple. Larry L. Hillblom ("Hillblom") constructed a home on the property which he used as his primary residence. Hillblom did not have a written lease agreement for the property with SRBD.

¶6 When SRBD filed its articles of incorporation with

---

[1] The sub-issues are: 1) Does PL 8-32 foreclosed this action to set aside the corporate entity of SRBD?; 2) Is PL 8-32 an unconstitutional legislative infringement upon the powers of the judiciary?; 3) Does retroactive application of PL 8-32 violate vested property rights?; and 4) Does PL 8-32 violate Milne's rights to due process, equal protection, and free speech, and access to the courts?

the Office of the Registrar of Corporations of the Commonwealth of the Northern Mariana Islands on September 1, 1983, its board of directors included: Manuel S. Villagomez ("Villagomez"), Debra P. Diaz ("Diaz"), and Hillblom. The corporation issued 1000 shares of common stock at $1.00 each. A combined 51% of the shares of the corporation were issued to Villagomez (260 shares of stock) and Diaz (250 shares of stock) who are both NMDs. Hillblom, a non-NMD, was issued 49% of the shares (490 shares of stock).

¶7 On April 7, 1993, Milne instituted an action against Hillblom and SRBD to regain title to the property asserting that her transfer of the property to SRBD violated Article XII of the Commonwealth Constitution. On September 12, 1995, Milne filed a motion for substitution of the Estate of Hillblom ("Estate").[2] The Estate moved for summary judgment arguing that an Article XII claim could not lie against the Estate since it had not asserted an interest in the property in question and was not in the chain of title. Therefore, Hillblom possessed only a tenancy at will which expired upon his death. Milne did not oppose the motion. At the conclusion of oral arguments on April 24, 1996, the Superior Court granted the Estate's motion for summary judgment. On June 11, 1996, the Superior Court also granted SRBD's motion for summary judgment and held that as a matter of law, SRBD's purchase of the property complied with Article XII, § 5 of the Commonwealth Constitution.

¶8 On October 24, 1996, counsel for the Special Administrator of the Estate[3] moved to dismiss the appeal since the appeal did not properly address the Estate. Milne did not oppose the motion and this Court granted the Estate's motion on March 2, 1997.

## ANALYSIS

**I. The Superior Court did not commit error when it granted SRBD's motion for summary judgment and held as a matter of law that SRBD's purchase of the property complied with Article XII, § 5 of the Commonwealth Constitution**

**A. SRBD is a valid NMD corporation**

¶9 Article XII of the Constitution of the Northern Mariana Islands restricts the ownership of Commonwealth

land to persons of Northern Marianas descent.[4] Since SRBD was incorporated in 1983, in order to be a properly formed NMD corporation, it had to meet the four prerequisites of Article XII, § 5 which stated:

> a) the corporation be incorporated in the Commonwealth;
> b) maintains its principal place of business in the Commonwealth;
> c) has directors *fifty-one percent* of whom are persons of Northern Marianas descent; and
> d) has voting shares *fifty-one percent* of which are owned by Northern Marianas descent.

N.M.I. Const. art. XII, § 5 (1976)(emphasis added).[5]

¶10 First, SRBD was incorporated in the Commonwealth. The articles of incorporation were filed with the Office of the Registrar of Corporations on September 1, 1983 and the certificate of incorporation was issued on September 26, 1983. Second, SRBD has maintained its principal place of business in the Commonwealth. The articles of incorporation lists the principal place of business as Saipan at P.O. Box 690. Third, fifty-one percent of SRBD's directors were NMDs. The board of directors included Hillblom (non-NMD), Villagomez (NMD), and Diaz (NMD) so that at least 2/3 or 66% of the board of directors were of NMD. Fourth, fifty-one percent of SRBD's voting shares were held by NMDs. The corporation issued 1000 shares of common stock at $1.00 each. A combined 51% of the shares of the corporation were issued to Villagomez (260 shares of stock) and Diaz (250 shares of stock) who are both NMDs. Hillblom, a non-NMD was issued 49% of the shares (490 shares of stock). At the time of the conveyance, SRBD met all the necessary requirements of being a NMD corporation. Therefore, as a matter of law, under Article XII, § 5, SRBD was and is qualified to own land in the Commonwealth.

---

[2] Hillblom died in an airplane crash on or about May 21, 1995.

[3] On April 9, 1996, by stipulation, William I. Webster, Special Administrator of the Estate, substituted in as a defendant, representing the Estate.

---

[4] "The acquisition of permanent and long-term interests in real property within the Commonwealth shall be restricted to persons of Northern Marianas descent." N.M.I. Const., art. XII, § 1 (1976).

[5] In January 7, 1986, article XII, § 5 of the Constitution was amended so that a corporation is considered an NMD so long as: a) it is incorporated in the Commonwealth; b) has its principal place of business in the Commonwealth; c) has directors *one-hundred percent* of whom are persons of Northern Marianas descent; and d) has voting shares *one-hundred percent* of which are owned by Northern Marianas descent. N.M.I. Const. art. XII. § 5 (1986) (emphasis added). This amendment was not retroactively applied to corporation which were formed before January 7. 1986.

## B. Ferreira v. Borja

¶11   Appellant asserts that since SRBD was the "alter ego" of Hillblom he acquired a fee simple interest in the property. Appellant's main argument is parallel to the one used in *Ferreira v. Borja*, Op. on Remand, 4 N.M.I. 211 (1995), *Ferreira v. Mafnas*, 1 F.3d 960 (9th Cir. 1993), *vacating* and *remanding sub. nom Ferreira v. Borja*, 2 N.M.I. 514 (1992).

¶12   In *Ferreira*, Diana Ferreira ("Ferreira"), an NMD, obtained financing for real property from several non-NMDs (James Grizzard, Barbara Grizzard, and Frank F. Ferreira). *Ferreira*, 2 N.M.I. at 518-19. In return for the financing, Ferreira entered into a partnership agreement with the non-NMDs where she agreed to lease the land to the partnership for forty years. *Id.* at 519. Subsequently the original owners of the land, Rosalia Mafnas Borja et al., challenged Ferreira's title to the property claiming that it violated Article XII of the Commonwealth Constitution. *Id.* at 518. The Court held that although Ferreira was a qualified NMD, since the money for the purchase came from Barbara Grizzard, James Grizzard, and Frank Ferreira (non-NMDs), the non-NMDs acquired an impermissible equitable fee simple interest in the property under a resulting trust principle which violated Article XII of the Constitution and the transaction was void ab initio. *Id.* at 533. On remand, this Court rejected both the agency and resulting trust theories and held that a non-NMD receives no fee interest in the property and that the NMD's interest was valid. *Ferreira v. Borja*, Op. on Remand, 4 N.M.I. at 212.

    ■ We see no difference from the argument used in *Ferreira*. Milne is asserting that Hillblom is the "alter ego" of SRBD because although SRBD purchased and took the land, the real buyer is Hillblom. Appellant asserts that this arrangement created a "principal-beneficiary/agent-trustee" relationship which gave Hillblom an equitable fee simple title in violation of Article XII. The Court in *Ferreira v. Borja* held that where a transfer of real property is made from one NMD to another, but the purchase price is provided by a non-NMD, the non-NMD receives no fee interest in the property. *Ferreira, supra*, Op. on Remand, 4 N.M.I. at 212. Therefore, under *Ferreira*, even if Hillblom provided the money to SRBD to buy the property, Hillblom received no fee interest in the property and the transaction was valid.

## C. Tenancy at will

¶13   In addition, appellant's argument that Hillblom is the "alter ego" of SRBD and acquired a fee simple interest in the property seems disingenuous. In the April 24, 1996, hearing, the Superior Court granted Hillblom's summary judgment motion based on the Estate's claim that Hillblom had only a tenancy at will which expired upon his death. Milne did not oppose the motion nor did she address that issue in this appeal.

¶14   ■ A tenancy at will is a landlord-tenant relationship which is "created to endure only so long as both the landlord and the tenant desire." RESTATEMENT (SECOND) OF PROPERTY: LANDLORD AND TENANT§ 1.6 (1977). The continuance of the tenancy at will depends upon the presence of the landlord's· and tenant's wills that the tenancy continue. The death of either ends the presence of the will of the deceased, and brings the tenancy to an end *unless* the decedent's successor in interest and the other party agree otherwise. *Id.*, com. e (emphasis added). In this case since the Estate is asserting that Hillblom's interest terminated upon his death and they are *not* claiming any interest in the property, there is no tenancy at will.

¶15   ■ Had Milne wanted to assert Hillblom's interest as a fee simple, she should have done so in the Superior Court. By failing to assert the claim below, she has waived her opportunity to do so in this appeal. *In re Seman*, 3 N.M.I. 57, 65 (1992); *Santos v. Matsunaga*, 3 N.M.I. 221, 231 (1992).

## D. Piercing the corporate veil

¶16   ■ Alternatively, appellant is asserting that since Hillblom was the "alter ego" of SRBD, the corporation is a sham and its existence should be voided. The Registrar of Corporation's filing of the articles of incorporation is conclusive proof that the incorporators satisfied all conditions precedent to incorporation. Once a corporation is incorporated, it exists until it is dissolved.[6] Here, no dissolution has occurred so SRBD continues to exist as a corporation.

¶17   There is no case law which states that a corporation will be dissolved or voided by "piercing the corporate veil." Generally, a corporation and its shareholders are deemed to be separate entities and therefore shareholders are *not liable* to third parties for corporate debts beyond

---

[6]  *Rules and Regulations of Corporations*, Chapter 2.03, Commonwealth Register, volume 12, no. 5, May 15, 1990, p. 6921-22. There are two types of dissolutions: voluntary and involuntary. A voluntary dissolution occurs when a majority of the incorporators or initial directors dissolve the corporation by filing articles of dissolution with the Registrar of Corporations. Chapter 14.01-14.07, *supra* at 6977-80. Involuntary dissolutions include both administrative and judicial dissolution. The Registrar of Corporations may commence a proceeding to administratively dissolve a corporation in certain circumstances which are listed in Chapter 14.20-14.23, *supra* at 6980-82. The Superior Court may also dissolve a corporation in certain circumstances which are listed in Chapter 14.30-14.33, *supra* at 6982-84.

their investment in the stock of the corporation. *United Enterprises, Inc. v. King*, 4 N.M.I. 304, 307 (1995) (emphasis added). However, when the shareholders treat the corporation as an instrument to conduct their own personal business, the corporation and the shareholders are deemed to be one entity under the "alter-ego doctrine," and the court may "pierce the corporate veil" for the purposes of liability. *Id.* Therefore, even if the Court were to disregard the corporate entity and "pierce the corporate veil," the corporation would still continue to exist. The only result would be that the individual shareholders would be personally liable for the debts of the corporation.

## II. The Superior Court did not err in denying Milne's request for additional discovery

¶18   Milne asserts that Com. R. Civ. P. 56(f) bars summary judgment in this case because she has had insufficient opportunity for discovery to prove that SRBD was acting as Hillblom's alter ego. Com. R. Civ. P. 56(f) reads:

> *When affidavits are unavailable*: Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such orders as are just.

¶19   The control of discovery is entrusted to the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear abuse of discretion. *Reyes*, 2 N.M.I. at 423. We find no abuse in this case.

## III. The Superior Court did not err in not analyzing the constitutionality of Public Law 8-32

We find that the summary judgment was proper for the reasons stated above; therefore, it was not necessary to address the constitutionality of PL 8-32. We decline to do so here.[7]

### CONCLUSION

¶20   For the reasons stated above, we hereby **AFFIRM** the Superior Court's June 11, 1996 Order granting summary judgment in favor of SRBD.

---

[7] The request for attorney's fees is denied since we are not addressing the constitutionality of PL 8-32.

MACK, Special Judge, concurring:

¶21   I concur with the conclusion only. In my view, Milne's failure to oppose both the motion for summary judgment and the motion to dismiss the appeal, filed by the Estate of Hillblom, acts as a complete bar to Milne's claim that the transaction violated Article XII of the Commonwealth Constitution.